# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>ROMAN VIERA SANDOVAL,<br><br>　　　　　　　　　　Defendant. | CASE NO. 14CR1730-LAB<br><br>**ORDER DENYING APPLICATION FOR SENTENCE REDUCTION PER AMENDMENT 782 (2014) AND 18 U.S.C. § 3582(c)** |

On December 17, 2015, a jury convicted Roman Viera Sandoval of conspiracy to import cocaine and methamphetamine. After an extended sentencing hearing, the Court sentenced him to 48 months in custody. Mr. Sandoval has filed a motion seeking a reduction of his sentence.

Ordinarily, a court can't change a sentence after it has been imposed. But 18 U.S.C. § 3582(c)(2) creates an exception when a defendant's original sentence was based on a sentencing range that is subsequently lowered by an amendment to the Guidelines. After Mr. Sandoval was sentenced, the U.S. Sentencing Commission approved Amendment 782 to the Guidelines, which lowered the sentencing range for most drug offenses by 2 levels. The Commission later voted to make the changes retroactive, which means that Mr. Sandoval can seek a reduction of his original sentence if he is eligible.

///

There is substantial doubt that Mr. Sandoval is eligible for a sentence reduction under § 3582(c) since the Court varied downward 15 months from the low end of his applicable Guidelines range. The Guidelines instruct a court in computing whether a defendant is eligible for a reduction of sentence to back out of the calculations any variance that was originally granted. Doing so here likely renders Mr. Sandoval ineligible for a sentence reduction.

But even assuming that he is eligible under § 3582(c), that doesn't mean he's *entitled* to a reduction of sentence. Both USSG § 1B1.10(b)(2) and § 3582(c)(2) describe the court's prerogative to reduce a sentence in permissive terms (the court "may" reduce the sentence if the defendant is eligible), and the Supreme Court and the Ninth Circuit have characterized the decision as "discretionary." *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (". . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, *in its discretion*, the reduction . . . is warranted in whole or in part . . .") (italics added); *United States v. Colson*, 573 F.3d 915, 915-16 (9th Cir. 2009) (referring to the district court's *discretionary* denial of the defendant's 18 U.S.C. § 3582(c)(2) motion). The question here is whether reducing Mr. Sandoval's sentence is equitable and warranted in consideration of the relevant § 3553(a) factors. *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013). They include: the nature and circumstances of the offense, and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

**Analysis Under 18 U.S.C. § 3553(a)**

Before making this assessment, the Court reviewed the defendant's probation report, originally filed on March 14, 2016, and the transcript of his sentencing hearing, which took place on April 18, 2016.

/ / /

Mr. Sandoval was convicted of serious narcotics offenses involving a large quantity of methamphetamine. The Court presided at Mr. Sandoval's jury trial and heard all of the evidence against him. Among other extensive involvement with the drug trafficking organization (DTF), the evidence established that Mr. Sandoval personally imported large quantities of methamphetamine into the United States on three occasions.

The Court's original sentence recognized the duration and the level of Mr. Sandoval's involvement with the DTF, and his persistent illegal behavior and commission of multiple federal drug offenses. Considering these factors, the imposition of a 48-month sentence was equitable and warranted. Not only was a 48-month sentence fair and just punishment, it was exceedingly lenient. The Court's sentence also represented an effort to deter Mr. Sandoval from involving himself in drug trafficking activity in the future. Although 48 months was well below other sentences the Court has imposed for similar crimes, it was justified by Mr. Sandoval's personal circumstances – including his post conviction cooperation with the government, his lack of a prior criminal record, and the likelihood that he would be deported upon the completion of his sentence.

Reconsidering all of these factors, the lenient 48-month sentence that the Court imposed was reasonable and remains so. The Court concludes that no further reduction of the defendant's sentence is equitable or warranted.

The Motion for Reduction of Sentence is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 19, 2018

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge